UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

FRANMY LUNA,

Defendant.

**ORDER**

19 Cr. 818 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        Defendant Franmy Luna and the Government have submitted a proposed order authorizing Defendant Luna's release on bail. (Jan. 19, 2021 Govt. Ltr. (Dkt. No. 68); Proposed Bail Order (Dkt. No. 68-1))  According to the Government, the Defendant's release on bail is appropriate because the Defendant has agreed to participate in a mental health treatment program upon release. (Id.)

        In April 2020, when the Defendant first sought pretrial release, the Government argued that he should be detained on grounds of both risk of flight and danger to the community. (Apr. 2, 2020 Def. Ltr. (Dkt. No. 31); Apr. 10, 2020 Govt. Ltr. (Dkt. No. 36))  In support of its detention argument, the Government alleged the following: (1) the Defendant participated in a large-scale narcotics conspiracy "that pumped over 280 grams of crack into his community" and admitted to selling "more than 1,000 bags of crack cocaine in October and November 2019"; (2) the Defendant had provided a full video- and audio-recorded confession after his arrest; (3) the Defendant had committed the charged crack cocaine offense "while in a fugitive status for a serious crime of violence" – robbing a bodega with a machete; (4) the Defendant could "easily continue his drug dealing activity while on bail"; and (5) the Defendant – against whom there is overwhelming evidence, and who faces a ten-year mandatory minimum sentence – also "faces

the serious possibility of mandatory deportation" if convicted. (Apr. 10, 2020 Govt. Ltr. (Dkt. No. 36) at 1, 3-4) Based on the Government's arguments, the Court issued an order detaining the Defendant pending trial. (Order (Dkt. No. 42))

On January 5, 2021, the Government notified this Court's Chambers that it had agreed to the Defendant's pretrial release, and submitted a proposed bail order. (Proposed Bail Order (Dkt. No. 68-1)) Although the proposed bail order makes reference to the Defendant's participation in a mental health treatment program, the Government did not explain in any fashion how the conditions of the Defendant's proposed release would address the risk of flight and danger to the community arguments it had made in April 2020. (Id.)

Accordingly, on January 19, 2021, this Court directed the Government to submit a letter explaining why the Defendant's release on bail is now appropriate. In response, the Government's submitted a January 19, 2021 letter saying merely that it had reviewed a psychiatric report – from an expert retained by the defense – stating that the Defendant suffers from a "serious mental health condition." (Jan. 19, 2021 Govt. Ltr. (Dkt. No. 68)) The Government opines that the mental health treatment program proposed by the psychiatric expert "will address the defendant's mental health needs, and thereby mitigate the threat of danger posed by the defendant's release on bail." (Id.) The Government did not provide this Court with a copy of the mental health evaluation on which it relies.

Having previously argued that the Defendant poses a serious risk of flight and a significant danger to the community, the Government must explain how Defendant's participation in a mental health treatment program addresses the flight and danger concerns. And to the extent that the parties ask the Court to rely on a psychiatric report, that report must be submitted for the Court's review.

By January 28, 2021, the Government and the Defendant will submit letters addressing the risk of flight and danger to the community issues cited in this Court's April 14, 2020 detention order (Dkt. No. 42), including how the proposed mental health treatment program would ameliorate these concerns.

Dated: New York, New York
      January 25, 2021

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

3